IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

FREDA BAYS,

    Plaintiff,

v.                                CIVIL ACTION NO.: 2:15-cv-01507

THE KROGER CO., d/b/a
KROGER,

    Defendant.

### ANSWER ON BEHALF OF THE DEFENDANT, THE KROGER CO., TO THE COMPLAINT

**NOW COMES** the defendant, The Kroger Co. (correctly known as Kroger Limited Partnership I and hereinafter sometimes referred to as "Kroger"), by counsel, Travis S. Haley and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for its Answer to the Plaintiff's Complaint, Kroger avers and states as follows:

### FIRST DEFENSE

That the plaintiff's Complaint fails to state a claim or cause of action against Kroger upon which relief can be granted and, therefore, it should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

That Kroger is immune from plaintiff's claim for negligence pursuant to W. Va. Code, § 23-2-6.

## THIRD DEFENSE

That with regard to the statements and allegations contained in the Complaint, Kroger responds as follows:

1. That Kroger is without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph number I of the Complaint and, therefore, it denies the same and demands strict proof thereof.

2. That Kroger states that The Kroger Co., is a corporation organized pursuant to the State of Ohio that is authorized to do business within the State of West Virginia, including Boone County; however with regard to the remaining statements and allegations contained in paragraph number II of the Complaint, Kroger denies the same and demands strict proof thereof.

3. That Kroger is without sufficient information or knowledge to form a belief as to the truth of the statements and allegations contained in paragraph number III of the Complaint and, therefore, it denies the same and demands strict proof thereof.

4. That Kroger denies the statements and allegations contained in paragraph number IV, IV(i), IV(ii), IV(iii), IV(iv), IV(v), IV(a), IV(b), IV(c), IV(d), IV(e) and (IV(f) of the Complaint, and demands strict proof thereof.

5. That Kroger specifically denies any and all statements and allegations contained in the Complaint not admitted herein above.

## FOURTH DEFENSE

That to the extent any of the following affirmative defenses are applicable, based upon the evidence adduced in this matter through ongoing investigation or

discovery, Kroger invokes the following defenses of estoppel, *res judicata*, collateral estoppel, consent, expiration of the applicable statute of limitations, failure to mitigate, comparative fault, assumption of the risk, any applicable statute of repose including, but not limited to, W. Va. Code, § 55-2-6a, lack of personal jurisdiction and any other matter constituting an avoidance or affirmative defense.

### FIFTH DEFENSE

That Kroger asserts that the injuries and damages, if any, of which the plaintiff complains, were not proximately caused by any act, omission or breach on the part of Kroger.

### SIXTH DEFENSE

That Kroger asserts that the injuries and damages, if any, of which the plaintiff complains were not caused by any act, omission or breach on the part of Kroger, but by intervening acts or omissions by other persons or corporations over which Kroger had no control or through whose negligence or fault Kroger cannot be held legally liable to the plaintiff.

### SEVENTH DEFENSE

That because Kroger is an employer as defined by the West Virginia Code, plaintiff has no cause of action against Kroger because the West Virginia Workers' Compensation Act is controlling in the rights, remedies and procedures provided therein are exclusive.

### EIGHTH DEFENSE

That at all times relevant to the Complaint, Kroger was an employer in good standing and subject to the Workers' Compensation Fund of the State of West Virginia, having paid into the Workers' Compensation Fund of West Virginia premiums

provided by law and is, therefore, not liable to respond to damages at common law or by statute.

## NINTH DEFENSE

That at all times mentioned in the Complaint, Kroger was not in default in payment of Workers' Compensation premiums and had fully complied with all provisions of the law and, accordingly, it preserves all immunities and defenses contained in the Workers' Compensation Act, West Virginia Code §§ 23-2-6 and 23-2-6(a).

## TENTH DEFENSE

That Kroger states that if a recovery be had against it under the provisions of the West Virginia Code § 23-4-2, receivable by plaintiff, then Kroger is entitled expressly to a judgment credit for such sums against any damages found in favor of plaintiff and against it, by a jury.

## ELEVENTH DEFENSE

That at no time relevant to the allegations and statements contained in the Complaint did Kroger act with deliberate indifference or with deliberate intent.

## TWELFTH DEFENSE

That Kroger asserts and preserves those defenses, immunities and defenses contained in W. Va. Code, §§ 23-1-1, *et seq.*, the Workers' Compensation Act.

## THIRTEENTH DEFENSE

That Kroger hereby raises and preserves each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development in the case.

## FOURTEENTH DEFENSE

That Kroger reserves the right to file additional affirmative defenses, counterclaims, cross-claims and/or third-party claims if a sufficient or factual basis thereof is developed through ongoing investigation and discovery.

## PRAYER

**WHEREFORE**, having fully answered the plaintiff's Complaint, the defendant, Kroger, prays that the Complaint be dismissed and held for naught, that plaintiff recover nothing of Kroger, that Kroger recover its costs, expenses of suit and a reasonable attorney's fee made necessary in defending said Complaint, and for such other relief, whether legal or equitable in character, as to which Kroger may appear entitled.

## JURY DEMAND

That Kroger respectfully requests a trial by jury on all issues so triable.

THE KROGER CO.

By Counsel,

_____
TRAVIS S. HALEY (WV # 6038)

PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
(304) 344-0100
(304) 342-1545 (fax)