```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     AT CHARLESTON
```

FREDA BAYS,

    Plaintiff,

v.                                  Civil Action No. 2:15-cv-01507

THE KROGER Co., d/b/a Kroger,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's motion to remand,[1] filed March 9, 2015.  For the reasons set forth below, the motion is denied.

## Background

Plaintiff Freda Bays ("Bays") initiated this action by filing a complaint in the Circuit Court of Boone County, West Virginia on December 24, 2015.  Bays was formerly employed by the defendant, The Kroger Company ("Kroger"), and seeks to recover for injuries she allegedly suffered while on the job.  See generally Pl. Compl.  In her prayer for relief Bays states:

> As a proximate result of the [complaint's factual allegations], Plaintiff FREDA BAYS, suffered the following injuries and damages:

---

[1] Bays styled her motion as a "petition to remand."  The court refers to the petition as a motion.

      a. serious personal injuries of a permanent and indefinite duration;
      b. pain and suffering, physical and mental, past, present, and future;
      c. loss of enjoyment of life, past, present, and future;
      d. loss of capacity to earn an income, and perform household and other related duties, past, present and future;
      e. past, present and future medical expenses of a sum which can be made certain;
      f. and annoyance, inconvenience, embarrassment and humiliation.

Pl. Compl at * 3.[2]  The complaint does not contain a demand for a specific sum or otherwise contain an accounting of the damages associated with these injures.

    Kroger received service on January 7, 2015.  On February 5, 2015, Kroger filed a timely notice of removal invoking the jurisdiction of the court on the basis of diversity of citizenship.  Bays is a citizen of West Virginia.  Pl. Compl. at * 1 ¶ I.  Kroger contends in its notice of removal that it is an Ohio limited partnership with a principal place of business in Cincinnati, Ohio.  Def. Notice of Removal ¶ 6.  Kroger's notice of removal also asserts that "the amount in controversy exceeds the sum or value of $75,000."  Id.  ¶ 11.

---

[2] Bays' complaint does not contain individually numbered paragraphs.  It does contain several headings which are followed by a Roman Numeral.

Bays filed this motion to remand on March 9, 2015. Bays argues that remand is warranted because Kroger has not established the amount in controversy necessary for diversity jurisdiction.

## The Legal Standard

The removal of state court civil actions to federal district court is governed by 28 U.S.C. § 1446. The statute provides that the removing defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant who removes a case on diversity of citizenship grounds is required to satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332(a). See 28 U.S.C. § 1446(c). To sustain diversity jurisdiction in a non-class action case such as this, the amount in controversy must be at least $75,000. 28 U.S.C. § 1332(a)

When the asserted basis for removal is diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). However, "[i]f a complaint 'does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000].'" Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir.

2013)(quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir.1993)).

## Discussion

Bays argues that the court must remand because Kroger has failed to meet the evidentiary burden described in Francis. Bays notes that Kroger's notice of removal "cited absolutely no facts" and argues that "[Kroger']s vague and unsubstantiated assertions and allegations have totally failed to meet the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional requirements." Pl. Mem. of Law in Supp. Petition to Remand at * 2 (emphasis in original). According to Bays, Kroger's failure to contemporaneously submit evidence concerning the amount in controversy with the notice of removal precludes the court from becoming invested with subject matter jurisdiction, and thus makes remand necessary.

Our Court of Appeals has previously rejected that argument. In Ellenburg v. Spartan Motors Chassis, Inc., the court held that a removing defendant's unadorned allegations that the amount in controversy requirement was met "were sufficient as a matter of law to allege subject matter jurisdiction." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 199 (4th Cir.

2008).  Emphasizing the plain language of § 1446(a), the court stated that it would be "inappropriate for [a] district court to . . . require[] a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial compliant."  Id. at 200.  The Federal Rules of Civil Procedure require only "a short and plain statement of the grounds for the court's jurisdiction," and the court noted that the legislative history associated with § 1446 confirmed Congress' intent to borrow the jurisdictional pleading standard from the Federal Rules.  Id., see also, Fed. R. Civ. P. 8(a)(2).  Finally, the court noted that, if a jurisdictional allegation was challenged, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."  Id. (citation omitted).

Ellenburg has been bolstered by recent Supreme Court precedent.  In Dart Cherokee Basin Operating Co., LLC v. Owens, the Court reviewed and vacated a remand issued by a district court in the Tenth Circuit.  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014)(resolving the instant question in the context of the Class Action Fairness Act).  The district court there, in a different but analogous context, relied on circuit precedent to hold that "the amount in controversy must be affirmatively established on the face of . . .

the . . . notice of removal." Owens v. Dart Cherokee Basin Operating Co. LLC, No. 12-4157-JAR-JPO, 2013 WL 2237740, at * 1 (D. Kan. May 21, 2013) petition denied, No. 13-603, 2013 WL 8609250 (10th Cir. June 20, 2013) rehearing on banc denied, 730 F.3d 1234 (10th Cir. 2013) vacated and remanded, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). The district court remanded because the removing defendant had failed to attach an affidavit or any other evidence to the notice of removal, stating that "the general and conclusory allegations of the . . . Notice of Removal do not establish by a preponderance of the evidence that the amount in controversy exceeds [the amount in controversy requirement]." Id. at * 4.

The Supreme Court vacated the remand for reasons consistent with the relevant holding in Ellenburg. "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith . . . Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee, 135 S. Ct. at 553. The Court also specifically held that a removing defendant need not submit evidence concerning the amount in controversy with the notice of removal. Id. at 554 ("In sum, as specified in §

1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

Bays' did not cite or otherwise acknowledge Ellenburg in her briefing, and she has not offered any argument as to why the rule set forth therein should not apply. Accordingly, Bays' argument that remand is required because Kroger did not attach any evidence concerning the amount in controversy to the notice of removal is unavailing.

In Ellenburg, it was noted that a district court, believing the basis alleged in a notice of removal for exercising subject matter jurisdiction to be questionable, can either "invite a motion to remand . . . and resolve that motion as it would any other motion" or "inquire sua sponte whether it has subject matter jurisdiction and impose upon the defendants the burden of demonstrating jurisdiction." Ellenburg, 519 F.3d at 200. Ellenburg did not otherwise elaborate as to the proper procedure a district court should employ when engaging in an inquiry into the factual basis for subject matter jurisdiction. In Dart Cherokee the Supreme Court provided guidance. When a party challenges the amount in controversy allegation in a notice of removal, "both

7

sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee, 135 S. Ct. at 554.

Here, Bays challenged Kroger's amount in controversy allegation by filing a motion to remand. Kroger responded to that challenge with evidence. First, Kroger put forth evidence that Bays has already received approximately $64,000 dollars in worker's compensation benefits to cover medical expenses related to the injuries outlined in her complaint and that, because her course of treatment for those injuries is ongoing, that figure will continue to rise. See "Worker's Compensation Report."[3] Second, Kroger directed the court's attention to Bays' own accounting of the damages allegedly suffered, as set forth in her Rule 26(a)(1)(iii) initial disclosures. See "Initial Disclosures."[4] In those disclosures, Bays identifies more than $90,000 in damages. Id. (Identifying "Medical Expenses" of "$40,272.44 + (still treating)" ; "Past Lost Wages" of "$50,000 +" ; and describing "Worklife Loss of Earnings", "Loss of Household Services", and "Loss of Fringe Benefits" as "$ to be determined."). Relying on this evidence, the court concludes that Kroger has met its burden and established that the amount in

---

[3] Attached as "Exhibit B" to Def. Resp. in Opp'n to Pl. Petition to Remand (ECF 19-2).
[4] Attached as "Exhibit C" to Def. Resp. in Opp'n to Pl. Petition to Remand (ECF 19-3).

controversy exceeds the jurisdictional minimum. Accordingly, the court is properly invested with subject matter jurisdiction.

## Conclusion and Order

Kroger has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Accordingly, the court ORDERS that Bays' motion to remand be, and hereby is, denied.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: June 15, 2015

John T. Copenhaver, Jr.
United States District Judge