```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                    AT CHARLESTON
```

**FREDA BAYS,**

       **Plaintiff,**

**v.**                        **Civil Action No. 2:15-cv-01507**

**THE KROGER Co., d/b/a Kroger,**

       **Defendant.**


## MEMORANDUM OPINION AND ORDER

Pending is defendant The Kroger Company's ("Kroger") motion to dismiss, filed March 2, 2015.

## Background

Plaintiff Freda Bays ("Bays") was formerly employed as a customer service manager at a Kroger location in Huntington, West Virginia. Bays alleges, under a heading of "Negligence," that on September 9, 2013, while engaged in the performance of her duties, Kroger "knowingly instructed [Bays] to engage and/or work in an unsafe, improper, and dangerous condition and/or caused Plaintiff . . . to operate and work around defective, improper and/or inadequate tools and/or equipment and/or training and supervision, knowing that such employment

activities and/or duties were unsafe." Pl. Compl. ¶ IV. Under that same heading of "Negligence," Bays alleges that "Kroger . . . acted with deliberate intent to cause and/or expose [Bays] to dangerous and unsafe conditions and which caused or produced serious injury and/or death to an employee (i.e., Plaintiff, [Bays])." Id.

Her complaint also alleges, "in the alternative," that "a specific unsafe working condition did exist in [her] workplace . . . which presented a high degree of risk and a strong possibility of serious injury or death," that "Kroger[] had actual knowledge prior to the injury of the specific unsafe working condition," and that despite this knowledge, "Kroger nevertheless intentionally thereafter exposed [Bays] to the specific unsafe working condition." Id. The complaint does not otherwise describe the alleged unsafe working condition(s). Bays alleges that her work in that unsafe condition resulted in "serious personal injuries of a permanent and indefinite duration." Id.

The complaint's final paragraph requests two separate trials - one for liability and damages, and the other to determine whether any of Bays's recovery should be set off due to workers' compensation benefits Kroger has paid or will pay.

In its motion to dismiss, Kroger first contends that, to the extent Bays's complaint asserts a common-law negligence claim predicated on a workplace injury, the claim is precluded by West Virginia's workers' compensation scheme. <u>See</u> W. Va. Code § 23-2-6. Second, Kroger argues that Bays's complaint does not contain sufficient factual allegations to survive the motion-to-dismiss standard.

<u>Discussion</u>

Bays appears to have made two legal claims under the "negligence" heading – one for common-law negligence, and one under the "deliberate intention" exception outlined in W. Va. Code § 23-4-2(d)(2)(2005)(amended 2015) to an employer's usual legal immunity from lawsuits over workplace injuries. The court addresses the theories in turn.

a. <u>Common-law Negligence Claim</u>

Kroger argues that Bays's negligence claim is barred by state workers' compensation laws. West Virginia Code § 23-2-6 immunizes employers who comply with the workers' compensation program from most work-related tort lawsuits brought by employees:

> Any employer subject to this chapter . . . is not
> liable to respond in damages at common law or by

3

> statute for the injury or death of any employee, however occurring . . . during any period in which the employer is not in default in the payment of the premiums [to the workers' compensation system] or direct payments and has complied fully with all other provisions of this chapter.

See also W. Va. Code § 23-4-2(d)(1)(2005)(stating that "the workers' compensation system . . . remove[s] from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee except as expressly provided in this chapter").[1]

Because Bays does not argue that Kroger failed to pay worker's compensation premiums, see W. Va. Code § 23-2-6, only two exceptions to Kroger's immunity could relate to this case. See Grose v. W. Virginia Alloys, Inc., No. 15-cv-03818, 2015 WL 7758539, at *3-5 (S.D.W. Va. Dec. 1, 2015)(discussing statutory immunity and exceptions). Both are so-called "deliberate intention" exceptions. See W. Va. Code § 23-4-2 (d)(2)(2005)(" immunity . . . may be lost only if the employer . . . acted with 'deliberate intention'"). The first exception requires that an

---

[1] West Virginia Code § 23-4-2 was amended in 2015, and the amended statute states that "[t]he amendments . . . enacted during the 2015 session of the Legislature shall apply to all injuries occurring on or after July 1, 2015." W. Va. Code § 23-4-2(g). Bays alleges that she was injured in 2013. Accordingly, the previous version of the statute, enacted in 2005, governs this dispute.

employer "acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." W. Va. Code § 23-4-2(d)(2)(i)(2005). The second exception essentially requires that an employer knew a particular working condition was unsafe and illegal, but intentionally exposed the employee to the condition anyhow. W. Va. Code § 23-4-2(d)(2)(ii)(2005).

Bays's first legal theory purports to be a claim for common-law negligence. See Pl. Compl. ¶ IV (labeling cause of action as "negligence"). The tort of negligence is not among the exceptions to employer immunity enumerated in § 23-4-2. The first claim is thus barred by § 23-2-6.

Bays also contends that "Defendant Kroger lost its immunity under West Virginia Code § 23-2-6 due to its acting with deliberate intention and therefore allowing Plaintiff to sue for negligence." Pl. Resp. to Def. Mot. to Dismiss Pl. Compl. at *1. Bays appears to be suggesting that actions taken with deliberate intention may constitute negligence. Such an argument must fail, as intentional harms cannot ground a negligence claim. See, e.g., Negligence, Black's Law Dictionary (10th ed. 2014)(noting that negligence is "any conduct that falls below the legal standard established to protect others against unreasonable risk of harm, except for conduct that is

5

intentionally, wantonly, or willfully disregardful of others' rights")(emphasis added); Weigle v. Pifer, No. 2:14-CV-15087, 2015 WL 5972433, at *14 (S.D.W. Va. Oct. 14, 2015)("[A] mere allegation of negligence does not turn an intentional tort into negligent conduct.")(citation and quotation marks omitted).

The court addresses below any claims falling under the "deliberate intention" exception to Kroger's immunity. But to the extent that Bays's complaint makes an additional negligence claim, it must be dismissed as barred by § 23-2-6.

b. "Deliberate Intention" Claim

Bays's "alternative" claim states that Kroger had actual knowledge of an unsafe condition and chose to expose Bays to it anyhow. Pl. Compl. ¶ 4. It apparently seeks relief under one of the aforementioned exceptions to Kroger's immunity from suit, which is described in W. Va. Code § 23-4-2(d)(2)(ii)(2005). Kroger contends that this "alternative" theory includes insufficient facts to state a claim under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ.

6

P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citation omitted).  The showing of an "entitlement to relief" must amount to "more than labels and conclusions . . . ."  Twombly, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do."  Id.; Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

When evaluating the motion, a district court is required to "'accept as true all of the factual allegations contained in the complaint . . . .'"  Erickson, 551 U.S. at 94 (quoting Twombly, 550 U.S. at 555-556).  Factual allegations are

to be distinguished from legal conclusions, which the court need not accept as true. Iqbal, 556 U.S. at 678.

As mentioned above, Bays's second claim appears to rely on the exception to Kroger's immunity described in W. Va. Code § 23-4-2(d)(2)(ii). Bays's complaint, however, simply recites the statutory elements point by point, with the parties' names inserted occasionally. Pl. Compl. ¶ 4. No specific facts are given regarding her work, the condition, or anything else. This "formulaic recitation of the elements of a cause of action" will not clear the motion-to-dismiss hurdle. Twombly, 550 U.S. at 555.

The court also notes that Bays's first claim – while ostensibly for negligence - contains a sentence stating that Kroger acted "with deliberate intent" to expose Bays to dangerous conditions. The passage appears to refer to the exception to employer immunity under W. Va. Code § 23-4-2(d)(2)(i)(2005), despite the incompatibility of "deliberate intent" with a negligence cause of action. To the extent that Bays is attempting to make a claim under § 23-4-2(d)(2)(i), that claim must also be dismissed because the complaint does not contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted).

## Conclusion

Bays's complaint does not contain the factual allegations necessary to survive a motion to dismiss. The complaint simply sets forth a lengthy series of "and/or" allegations that could relate to most anything in the defendant's store – and then purports to state the claim merely in the language of the statute. Accordingly, the court orders that Kroger's motion to dismiss be, and hereby is, granted.

The Clerk is directed to terminate this case and remove it from the active docket of this court. The Clerk is also directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: February 16, 2016

John T. Copenhaver, Jr.
United States District Judge