```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                    AT CHARLESTON
```

**FREDA BAYS,**

    **Plaintiff,**

v.                              Civil Action No. 2:15-cv-01507

**THE KROGER Co., d/b/a Kroger,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending are plaintiff's motion for reconsideration of the court's order granting defendant's motion to dismiss, filed February 24, 2016, and plaintiff's motion for leave to file an amended complaint, filed February 25, 2016.

### I. Background

Plaintiff Freda Bays ("Bays") was an employee of defendant The Kroger Co. ("Kroger") when, on September 9, 2013, she suffered an injury at work. Pl. Compl. ¶ IV. Bays filed a complaint in state court alleging that Kroger "acted with deliberate intent to cause and/or expose [Bays] to dangerous and unsafe conditions and which caused or produced serious injury and/or death to [Bays]." Id.

On March 2, 2015, defendant Kroger moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). On February 16, 2016, the court entered an order granting Kroger's motion to dismiss for failure to state a claim upon which relief could be granted. Bays v. The Kroger Co., No. 2:15-CV-01507, 2016 WL 626562, at *1 (S.D.W. Va. Feb. 16, 2016). In the opinion, the court found that Bays advanced two claims: negligence and deliberate intention. Id. Regarding the negligence claim, the court held that state workers' compensation law made Kroger immune. Id. at 1-2. And regarding the deliberate intention claim, the court found that "[t]he complaint simply sets forth a lengthy series of 'and/or' allegations that could relate to most anything in the defendant's store – and then purports to state the claim merely in the language of the statute." Id. at 3-4. One day later, on February 17, 2016, the court entered judgment in favor of Kroger.

One week after entry of judgment, on February 24, 2016, Bays filed a motion for reconsideration of the memorandum opinion and judgment order. Then, on February 25, 2016, Bays filed a motion for leave to file an amended complaint in an attempt to cure the defects of the original complaint.

Bays does not include in the amended complaint the negligence action found in the original complaint. <u>See generally</u> Pl. Proposed Am. Compl.  She only includes one count: "DELIBERATE INTENT – W. Va. Code § 23-4-2(d)(2)(ii)." <u>Id.</u> at COUNT I.  The following is the full extent of Bays's allegations:

> 1. THE KROGER CO. d/b/a Kroger caused a floor fan to be placed in the workplace.  Said floor fan did not allow for safe clearance of the aisle and/or doorway, as it obstructed said area, and caused an unsafe working condition.  This unsafe working condition presented a high degree of risk and a strong probability of serious injury or death, and led to Plaintiff FREDA BAYS' injuries.
>
> 2. Defendant, THE KROGER CO. d/b/a Kroger, had actual knowledge prior to the injury of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition, as employees had informed management of the hazard posed by the floor fan.
>
> 3. The unsafe working condition caused by the improperly placed floor fan was a violation of 29 C.F.R. 1910.22(b)(1), and also violated industry safety practices and principles on the date of the injury.
>
> 4. Despite being aware of said unsafe working condition, THE KROGER CO. d/b/a Kroger nevertheless intentionally thereafter exposed FREDA BAYS to the specific unsafe working condition.
>
> 5. As a result of being exposed to the unsafe working condition caused by the improperly placed floor fan, FREDA BAYS was seriously injured and required medical attention when she tripped and fell over the floor fan cord while on her way from the service area to the accounting area of the store.
>
> 6. Thereafter, FREDA BAYS reported the injury to

>    management and was made to complete an Associate Incident
>    Report Packet on the date of the injury (Attached as
>    Exhibit A).
>
>    7. FREDA BAYS also filed a Workers' Compensation Claim
>    (West Virginia Claim Number 2014007752).

Id. ¶ IV.

## II. Discussion

"[A] district court may not deny" a motion to amend a complaint "simply because it has entered judgment against the plaintiff — be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006)(en banc)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  "Instead, a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered."  Laber, 438 F.3d at 427.

Rule 15(a)(2) provides the legal standard for amendment.  It instructs that "[t]he court should freely give leave when justice so requires," which has been held to disallow an amendment "only where it would be prejudicial, there has been bad faith, or the amendment would be futile."  Nourison, 535 F.3d at 298 (citing HCMF Corp. v. Allen, 238 F.3d 273, 276–77 (4th Cir. 2001)).  An "amendment [is] futile when the proposed amended complaint fails to state a claim," Van Leer v. Deutsche

Bank Sec., Inc., 479 F. Appx. 475, 479 (4th Cir. 2012)(citation omitted), or when it otherwise "fails to satisfy the requirements of the federal rules," United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008))(rejecting complaint for failure to state a claim as well as for lack of sufficient particularity under Rule 9(b))(citation omitted).

A post-judgment motion to amend a complaint may not be granted "unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." Laber, 438 F.3d at 427. "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 470-71 (4th Cir. 2011). Thus, the "Rule 15(a) and Rule 59(e) motions rise and fall together." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012).

Bays contends that her request to amend satisfies the requirements of Rule 15. She argues that Kroger would not be prejudiced because it has been preparing its case for the past year as discovery has proceeded. Pl. Mem. Supp. Recons. at 6;

Pl. Mot. Am. Compl. at 3.  Further, she contends that the amended complaint simply adds more specificity, of which Kroger was already aware, to her existing claims, and omits the initial negligence claim.  Pl. Mot. Am. Compl. at 2.

Kroger responds that this court should deny Bays's motion pursuant to Rule 60(b).  Def. Resp. at 6-8.  However, as noted above, Rule 60 does not provide an independent standard by which to consider Bays's post-judgement motion to amend.  Katyle, 637 F.3d at 470-71.  The proper analysis is the same as that for a pre-judgment motion to amend, namely, amendment should be permitted absent bad faith, prejudice, and futility.  Laber, 438 F.3d at 427-28.  Kroger does not advance any arguments concerning these factors.  See generally Def. Resp.

Although Kroger has effectively waived any argument as to the Rule 15 factors by misstating the governing legal standard, some examination of the proposed amendment is prudent given plaintiff's request that the court vacate a judgment order.  As there is no evidence suggesting that Bays has acted in bad faith, the court will examine the proposed amendment to determine whether it will prejudice the defendant or is futile.

    1. Prejudice

The Fourth Circuit has provided guidance as to whether an amendment will be prejudicial:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing.  A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial."  An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Laber, 438 F.3d at 427 (citations omitted).  As Bays argues in the briefings, Kroger for the past year has been preparing for the very case alleged in the amended complaint.  Further, Bays removed her negligence claim, which will reduce rather than increase the time and resources necessary for this litigation.

The "nature" and "timing" of Bays's proposed amendment do not prejudice Kroger.  See id.  Bays does not "raise[] a new legal theory that would require the gathering and analysis of facts not already considered by" Kroger nor offer the motion to amend "shortly before or during trial."  Id.  Bays merely "seek[s] to add specificity to [her] allegations in a situation where defendants are aware of the circumstances giving rise to the action," which the Fourth Circuit has held to be a permissible use of Rule 15.  Matrix Capital Mgmt. Fund, LP v.

BearingPoint, Inc., 576 F.3d 172, 195 (4th Cir. 2009). Thus, Kroger will not be prejudiced by granting Bays's post-judgment motion to amend.[1]

### 2. Futility

"'[A] district court may deny leave [to amend] if amending the complaint would be futile — that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules,'" including Rule 12(b)(6). Katyle, 637 F.3d at 471 (quoting United States ex rel Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). Inasmuch as the court dismissed Bays's previous complaint for failure to state a claim, it is prudent at this juncture to ensure that the proposed amendment does not suffer from the same flaw. See Iqbal, 556 U.S. at 678 (stating that in order to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient

---

[1] Compare Laber, 438 F.3d at 428-29 (reversing district court's denial, after summary judgment, of post-judgment motion to amend because, in part, as stated in the Fourth Circuit's en banc ruling, discovery in the case would not need to be duplicated), with Mayfield, 674 F.3d at 379-80 (affirming district court's denial of post-judgment motion for leave to amend complaint for prejudicial effect because motion was filed two and a half years after the complaint was filed and it introduced a new claim involving separate facts), and Equal Rights Center v. Niles Bolton Associates, 602 F.3d 597, 604 (4th Cir. 2015) (affirming district court's denial of pre-judgment motion for leave to amend complaint for prejudicial effect where new claim would "change the nature of the litigation").

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting Twombly, 550 U.S. at 470); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

West Virginia Code section 23-4-2(d)(2)(ii) (West 2013) details a specific set of facts a plaintiff must prove for a showing of "deliberate intention" in a workplace injury case. A plaintiff must prove (A) the existence of a "specific unsafe working condition . . . which presented a high degree of risk and a strong probability of serious injury or death"; (B) the employer's actual knowledge of the condition and its risks; (C) a violation, whether cited or not,[2] of a federal or state safety regulation or of common industry safety standards, both of which must be specific to the plaintiff's work; (D) that the employer intentionally exposed the plaintiff to the condition despite the existence of elements (A) through (C); and (E) proximate or direct cause of injury. §§ 23-4-2(d)(2)(ii)(A)-(E). Further,

---

[2] The term "cited" as it is used here refers to a citation issued by a government entity. See Redman v. Fed. Grp., Inc., No. 13-0377, 2013 WL 6153158, at *6 (W. Va. Nov. 22, 2013) ("Under our prior decisions, the issuance of or lack of administrative citation is proper evidence in the court's determination of whether the employee meets West Virginia Code § 23-4-2(d)(2)(ii)(C)."); Sias v. W-P Coal Co., 185 W. Va. 569, 575 (1991) (using Mine Safety and Health Administration citation as evidence for violation of a safety standard); Beard v. Beckley Coal Mining Co., 183 W. Va. 485, 490 (1990) (same).

where industry safety standards are relied upon, element (C) requires "competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry."

Each element of the "deliberate intention" statute will be considered in turn.

i. Unsafe working condition presenting high degree of risk

The first element is the existence of a "specific unsafe working condition . . . which presented a high degree of risk and a strong probability of serious injury or death." § 23-4-2(d)(2)(ii)(A). Bays alleges that "Kroger caused a floor fan to be placed" where it "did not allow for safe clearance . . . and caused an unsafe working condition." Pl. Am. Compl. ¶ IV.1. Further, Bays claims that the "floor fan did not allow for safe clearance of the aisle and/or doorway." Id. At the pleading stage, this suffices to allege the existence of a "specific unsafe working condition."

With respect to the degree of risk and probability of injury, Bays states that fellow Kroger employees felt strongly enough that they "informed management of the hazard posed by the floor fan." Pl. Am. Compl. ¶ IV.2. And their concerns came to fruition with Bays's trip and fall, allegedly resulting in

"serious[] injur[ies]." Id. ¶ IV.5. Bays's attached workers' compensation claim shows an award of $14,536.48. Pl. Workers' Compensation Claim at 1. Bays thus alleges that the floor fan presented a "high degree of risk and a strong probability of serious injury." § 23-4-2(d)(2)(ii)(A).

> ii. Employer's actual knowledge of the condition and its risks

The second element requires that the employer had actual knowledge of the unsafe working condition and its risks. § 23-4-2(d)(2)(ii)(B). Bays contends that Kroger "had actual knowledge prior to the injury . . . as employees had informed management of the hazard posed by the floor fan." Pl. Am. Compl. ¶ IV.2.

> iii. Violation of a federal or state safety regulation or of common industry safety standards

The third element requires a violation of a federal or state safety regulation or of common industry safety standards, both of which must be specific to the plaintiff's work. § 23-4-2(d)(2)(ii)(C). When relying on a violation of common industry safety standards, such standards must be "demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business." Id. A plaintiff's proffered safety rule, no matter the source, must be "specifically applicable to the particular

work and working condition involved" as opposed to general regulations or safety standards. Id.; see Ryan v. Clonch Ind., Inc., 219 W. Va. 664, 672 (2013) ("We interpret W. Va. Code § 23-4-2(c)(2)(ii)(C) as simply requiring that the statute, rule, regulation or standard asserted by an employee be capable of application to the specific type of work at issue.").

Bays first states, without specification, that Kroger "violated industry safety practices and principles on the date of the injury." Pl. Am. Compl. at 2. Because she has not submitted, or suggested the existence of, "written standards or guidelines which reflect a consensus safety standard," her generalized assertion of industry standards does not appear sufficient to satisfy the element.

Bays also relies on 29 C.F.R. 1910.22(b)(1), which reads in part as follows:

> Aisles and passageways shall be kept clear and in good repairs, with no obstruction across or in aisles that could create a hazard.

Bays has alleged, through discussion of the floor fan, that Kroger failed to ensure that "[a]isles and passageways [were] kept clear and in good repairs, with no obstruction across or in aisles that could create a hazard." At this stage, the court accepts that Bays has cited a regulation satisfying element (C) of the statute.

> iv. The employer intentionally exposed the plaintiff to the hazardous condition

The fourth element requires that the employer intentionally "exposed an employee to the specific unsafe working condition" despite the existence of the first three elements of the claim. § 23-4-2(d)(2)(ii)(D). The West Virginia Supreme Court of Appeals holds that "in order to establish the existence of intentional exposure in a deliberate intent action there 'must be some evidence [] that with conscious awareness of the unsafe working condition . . . an employee was directed to continue working in that same harmful environment.'" Ramey v. Contractor Enterprises, Inc., 225 W. Va. 424, 431 (2010) (quoting Tolley v. ACF Industries, Inc., 212 W. Va. 548, 558 (2002)).

Bays adequately alleges that Kroger intentionally exposed Bays to the hazard of the floor fan. Bays states that she was injured "while on her way from the service area to the accounting area of the store." Pl. Am. Compl. ¶ IV.5. Thus, the floor fan was in such a place that Bays could likely not perform her regular and expected duties as a customer service manager without coming across it. Yet, despite the existence of the fan and Kroger's knowledge of it, which Bays has properly

alleged, Kroger required Bays to continue her regular duties while the floor fan remained in place.

### v. Proximate or direct cause of injury

The fifth element of deliberate intention is that the employee's injury was "a direct and proximate result of the specific unsafe working condition." § 23-4-2(d)(2)(ii)(E). Bays claims that she "was seriously injured and required medical attention when she tripped and fell over the floor fan cord while on her way from the service area to the accounting area of the store." Pl. Am. Compl. ¶ IV.5. Bays clearly pleads a plausible claim that the placement of the floor fan was the "direct and proximate result" of her injuries.

Because the amended complaint contains enough facts to create a plausible claim that Kroger deliberately intended to harm Bays, the amended complaint is not futile.

### IV. Conclusion

Based on the foregoing, the court ORDERS that Bays's motion for reconsideration be, and it hereby is, granted to the extent it seeks vacatur of the prior judgment in favor of defendants; that the court's prior judgment order be, and it

14

hereby is, vacated, and that plaintiff's motion for leave to amend the complaint be, and it hereby is, granted.[3]  Accordingly, the court directs the clerk to place this matter on its active docket.  The court will issue an appropriate schedule in due course.

        The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: August 16, 2016

John T. Copenhaver, Jr.
United States District Judge

---

[3] Inasmuch as the court's ruling on Bays's motion to amend will make her amended complaint the operative one in this case, the court ORDERS that Bays's motion for reconsideration be, and it hereby is, denied to the extent it seeks review of the prior ruling on the motion to dismiss.

15